UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

**GREGORY ALLEN STRATTON,**
          Petitioner,

vs.

**WARDEN RONALD FENNER,**
          Respondent.

Civil Action No.

Hon.

---

**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Greggory Allen Stratton through his attorneys, the State Appellate Defender Office, by Erin Bartels, Assistant Defender, and in support of his petition for a writ of habeas corpus states as follows:

1. Gregory Stratton is a citizen of the United States, is domiciled in Michigan, and is currently incarcerated at the Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446.

2. Mr. Stratton is unconstitutionally detained and imprisoned by Respondent, Ronald Fenner, Warden at the Thumb Correctional Facility, where Mr. Stratton is serving a mandatory minimum term of years sentence of 25-50 years, imposed by Judge Kathleen Brickley of the Van Buren County Court, after a jury found Mr. Stratton guilty of one count of criminal sexual conduct – first degree in case number 21-23040-FC.

3. Mr. Stratton has exhausted all state remedies available to him with regard to the Sixth Amendment violation raised in this petition by taking the following steps:

    a) Before trial, Attorney Daniel Grow asked presiding Judge Brickley to adjourn Mr. Stratton's trial as he was newly retained. 3/18/22, pg. 4. Judge Brickley denied his request. *Id.* at page. 5.

1

    b) During trial, Attorney Grow referenced his earlier motion to remand back to the district court for a preliminary examination. T II 86.

    c) On July 12, 2023, Mr. Stratton filed a Motion to Remand for an evidentiary hearing in the Michigan Court of Appeals, which was denied on November 22, 2023. There, the issue headings were:

        I. **The trial court denied Mr. Stratton's Sixth Amendment right to counsel when she denied his request for an adjournment so retained counsel could prepare for trial. This denied Mr. Stratton the opportunity to present a full defense. This structural error requires reversal of Mr. Stratton's conviction. In the alternative, Mr. Stratton was denied the effective assistance of counsel.**

        II. **Mr. Stratton was denied effective assistance of counsel when Attorney Grow failed to impeach AK with several of her inconsistent statements. He was similarly denied effective assistance when counsel failed to cross-examine Detective Gates about not adhering to the forensic interview protocol.**

        III. **Mr. Stratton's confession was involuntary and its admission at trial denied him his rights under the Fifth and Fourteenth Amendments. Alternatively, counsel was ineffective for failing to move to suppress under People v Cipriano.**

        IV. **Mr. Stratton was denied his rights to confrontation and effective assistance of counsel when his attorney failed to inform the jury of AK's history of lying to law enforcement and making false sexual assault allegations. Not doing so was deficient performance requiring a new trial.**

    d) On July 12, 2023, Mr. Stratton filed his appeal of right in the Michigan Court of Appeals raising the same issues outlined above. Mr. Stratton raised the Sixth Amendment issue in the Michigan Court of Appeals.

4. On April 25, 2024, the Michigan Court of Appeals denied Mr. Stratton's claims that he was denied counsel of choice and effective assistance of counsel, and affirmed his conviction. *People v Stratton*, unpublished per curiam of the Court of Appeals, issued April 25, 2024 (Docket No. 361665) (*Appendix C*).

5. Mr. Stratton timely filed an Application for Leave to Appeal in the Michigan Supreme Court, in which he against raised the identical issue presented in this Petition. The Michigan Supreme Court denied leave to appeal in an order issued on October 28, 2024. *People v Stratton*, ___ Mich ___, (2024) (attached as Appendix D to the accompanying memorandum of law).

6. As set forth in the accompanying Memorandum of Law, Greggory Stratton is being detained in violation of the Sixth Amendment to the United States.

7. Mr. Stratton has not filed any previous Petition for Writ of Habeas Corpus in this or any other federal district court.

## Relief Requested

**For these reasons, Petitioner, Gregory Stratton, asks:**

    A. That Respondent be required to appear and answer the allegations of this Petition.

    B. That after full consideration, this Court grant this Petition and order that Mr. Stratton either be promptly retried or released from custody.

C. That this Court grant such other, further, and different relief as the Corut may deem just under the circumstances; and

D. That this Court grant oral argument in this matter.

                    Respectfully submitted,

                    STATE APPELLATE DEFENDER OFFICE

BY:   */s/ Erin Bartels*
       Erin Bartels (85827)
       Assistant Defender
       *Counsel for Gregory Allen Stratton*
       3031 W. Grand Blvd, Suite 450
       Detroit, MI 48202
       ebartels@sado.org

Date: January 26, 2026